8991/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Ocean World Lines
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Underwriters At Lloyds a/s/o Younglin B & A Co., Ltd.,<br><br>                    Plaintiff,<br><br>          -against-<br><br>Ocean World Lines, Inc.<br><br>                    Defendant. | Civil Case Numbe4r 07 Civ. 6628<br><br>**OCEAN WORLD LINES, INC.'S ANSWER TO SUMMONS WITH NOTICE** |

Defendant Ocean World Lines, Inc. through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers the Plaintiff's Summons with Notice (Index number 07-108392) that was removed from the Supreme Court for the State of New York (County of New York) and assigned the civil number of 07 Civ. 6628 now answers the same as follows.

Denies each and every allegation contained under the heading of NOTICE including but not limited to the assertion by plaintiff for (1) Breach of Contract, (2) Negligence, (3) Gross Negligence and (4) Breach of Bailment as well as the relief sought.

# AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1.	That said shipment as described in Plalintiff's Complaint is subject to all the terms and conditions and exceptions contained in certain bill of lading then there issued, by which the shippers and consignees of said bill of lading agree to be and are bound.

2.	Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill of lading.

3.	Any shortage, loss and/or damage to the shipment in suit which Defendant Ocean World Lines, Inc. specifically denies was due to causes for which the Defendant Ocean World Lines is not liable or responsible by virtue of the provisions of he Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill of lading and/or the General Maritime Law and/or applicable foreign law.

## SECOND AFFIRMATIVE DEFENSE

4.	Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## THIRD AFFIRMATIVE DEFENSE

5.	That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the Ocean World Lines, Inc. is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(o) and (n), and by the terms of the contract of carriage.

**FOURTH AFFIRMATIVE DEFENSE**

6. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the Ocean World Lines, Inc. is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(m), and by the terms of the contract of carriage.

**FIFTH AFFIRMATIVE DEFENSE**

7. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

8. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(i), and by the terms of the contract of carriage.

**SEVENTH AFFIRMATIVE DEFENSE**

9. The maximum liability of defendant if any, is $500 per package as agreed to in the provisions of the bill of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304 (5).

**EIGHTH AFFIRMATIVE DEFENSE**

10. The suit is time barred under the agreed provisions of the bill of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. § 1304 (6).

**NINTH AFFIRMATIVE DEFENSE**

11. That if Plaintiff's cargo suffered any loss or damage, which Defendant Ocean World Lines denies, then such loss or damage resulted from a cause arising without the actual

fault and privity of Ocean World Lines, Inc. and without the fault or neglect of the agents or servants or the Ocean World Lines, Inc., and the Ocean World Lines, Inc. is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304 (2)(Q).

## **TENTH AFFIRMATIVE DEFENSE**

12. That if Plaintiff's cargo suffered any loss or damage, which Defendant Ocean World Lines, Inc. denies, then such loss or damage resulted from the handling by Third-Party not named in the lawsuit namely, ANL Container Line PTY Limited t/a ANL and ANL Singapore PTE Ltd.

WHEREFORE, Defendant Ocean World Lines, Inc prays that the Summons against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: August 2, 2007

                            CICHANOWICZ, CALLAN, KEANE,
                            VENGROW & TEXTOR, LLP
                            Attorneys for Defendant Ocean World Lines, Inc.

                            By:     / s / Stephen H. Vengrow
                                  Stephen H. Vengrow (SHV/3479)
                            61 Broadway, Suite 3000
                            New York, New York, 10006
                            (212) 344-7042

To:    Cozen O'Connor
        James F. Campise, Esq.
        Attorney for Plaintiff
        45 Broadway, 16th Floor
        New York, New York 10006
        (212) 509-9400

CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 2, 2007, I served a complete copy of Defendant Ocean World Lines, Inc.'s **Answer to Summons with Notice** by ECF to the following attorney at his ECF registered address and by regular U.S. mail at the following address:

> Cozen O'Connor
> James F. Campise, Esq.
> Attorney for Plaintiff
> 45 Broadway, 16th Floor
> New York, New York 10006
> (212) 509-9400

          / s / Patrick Michael DeCharles, II
          Patrick Michael DeCharles, II (PMD/9984)

DATED:   August 2, 2007
          New York, New York