BLANK ROME, LLP
Attorneys for Third-Party Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERWRITERS AT LLOYDS a/s/o YOUNGLIN B & A CO., LTD., <br><br>          Plaintiff, <br><br>-against- <br><br>OCEAN WORLD LINES, INC., <br><br>          Defendant. | Civil Case Number 07 Civ. 6628 <br><br> Judge Crotty |
| OCEAN WORLD LINES, INC., <br><br>          Third-Party Plaintiff, <br><br>-against- <br><br>ANL CONTAINER LINE PTY LIMITED t/a ANL; ANL SINGAPORE PTE LTD., <br><br>          Third-Party Defendants. | |

**VERIFIED ANSWER TO OCEAN WORLD
LINES, INC.'S THIRD PARTY COMPLAINT**

Third-Party Defendants ANL CONTAINER LINE PTY LIMITED t/a ANL; ANL SINGAPORE PTE LTD. (collectively "ANL" or "Third-Party Defendants") for their answer to the third-party complaint ("Complaint") of Defendant OCEAN WORLD LINES, INC., state as follows upon information and belief:

128269.00601/6613542v.1

1. Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information as to the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Denies knowledge or information as to the allegations in Paragraph 5 of the Complaint.

6. Denies the allegations in Paragraph 6 of the Complaint.

7. Denies the allegations in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendant.

### SECOND

2. The Complaint fails to state a cause of action against ANL upon which relief may be granted.

### THIRD

3. In the event that the cargo in suit was carried pursuant to the alleged bills of lading the Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of arbitration in the Singapore International Arbitration Centre, Singapore as required by the bill of lading.

## FOURTH

4.  Plaintiffs are not the real parties interest and lack standing to bring this claim against ANL.

## FIFTH

5.  The alleged claim is barred by applicable statutes of limitations.

## SIXTH

6.  The alleged claim is barred by operation of law.

## SEVENTH

7.  The alleged claim is barred by laches.

## EIGHTH

8.  Plaintiffs have failed to include or join indispensable parties to this action.

## NINTH

9.  If plaintiffs suffered any loss or damage as alleged, which is denied, it was caused by or contributed to by an act or omission by the plaintiffs and/or other third-parties, and not by ANL.

## TENTH

10. Plaintiffs failed to properly mitigate their alleged damages.

## ELEVENTH

11. Service of the Third-Party Complaint on ANL was improper and insufficient.

## TWELFTH

12.     ANL did not have possession of or operate, manage, navigate or otherwise control the Vessel at the relevant times referred to in the Complaint and is not liable for any cargo damages or loss allegedly suffered by plaintiffs.

## THIRTEENTH

13.     ANL did not owe any duty to plaintiffs, under theories of negligence and as a carrier under the United States Carriage of Goods by Sea Act, 46 U.S.C. §§1300-1315 ("COGSA"), the International Convention for the Unification of Certain Rules of Law relating to Bills of Lading ("Hague Rules") and/or the Brussels Protocol to the Hague Rules ("Hague-Visby Rules").

## FOURTEENTH

14.     ANL is entitled to the benefit of all defenses and rights of limitation of liability afforded by all applicable contracts, statutes and treaties.

## FIFTEENTH

15.     Alternatively, if ANL was a carrier under the relevant bills of lading or charter parties, it is entitled to all of the rights and defenses available under COGSA, the Hague Rules and/or the Hague-Visby Rules.

## SIXTEENTH

16.     If plaintiffs suffered any damage or loss as alleged in the Complaint, which is denied, it was caused by the fault, neglect, omission, or breach of contract by remaining defendants or by one or more unnamed parties, their employees, agents or

representatives, and occurred without any fault, negligence, or breach of duty on the part of ANL, its agents, servants or employees.

17. If any liability is imposed on ANL by reason of the allegations contained in the Complaint, ANL is entitled to indemnity in full and/or contribution by remaining defendants in the amount of the judgment against ANL, plus interest, together with its attorneys' fees and expenses.

WHEREFORE, defendant ANL respectfully requests that:

(a) The Third-Party Complaint be dismissed or stayed against it in favor of Singapore arbitration;

(b) ANL be awarded its attorneys fees and all costs incurred in connection with this action;

(c) in the event judgment is granted in favor of plaintiffs and against ANL, ANL be granted indemnity and/or contribution against the original defendants, for the amount of such judgment, plus interest, together with its attorneys' fees and costs; and

(d) the Court award ANL such further and other relief as may be just.

Date: New York, New York
February 6, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000
*Attorneys for Third-Party Defendants*

128269.00601/6613542v.1

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

### VERIFICATION

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1. That he is a member of the firm of Blank Rome LLP attorneys for Third-Party Defendants ANL CONTAINER LINE PTY LIMITED t/a ANL and ANL SINGAPORE PTE LTD. herein; that he has read the foregoing Answer and Counterclaim and knows the contents thereof and that the same is true to the best of his knowledge, information and belief.

2. That the reason this verification is made by deponent and not by defendants is that they are corporations, no officers or directors of which are now within this district.

3. The sources of deponent's information and the grounds for his belief are statements made by and documents received from defendants' representatives.


JEREMY J.O. HARWOOD

Sworn to before me this
6th day of February, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

-6-

128269.00601/6613542v.1