BLANK ROME LLP
Attorneys for Third-Party Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERWRITERS AT LLOYDS a/s/o YOUNGLIN B & A CO., LTD.,<br>    Plaintiff,<br><br>-against-<br><br>OCEAN WORLD LINES, INC.,<br>    Defendant.<br><br>OCEAN WORLD LINES, INC.,<br>    Third-Party Plaintiff,<br><br>-against-<br><br>ANL CONTAINER LINE PTY LIMITED t/a ANL; ANL SINGAPORE PTE LTD.,<br>    Third-Party Defendants. | 07 Civ. 6628 (PAC) |

      MEMORANDUM OF LAW OF ANL CONTAINER
      LINE PTY LIMITED T/A ANL AND ANL SINGAPORE
      PTE LTD. IN SUPPORT OF MOTION TO COMPEL
      ARBITRATION AND FOR A STAY

        *Jeremy J.O. Harwood*
        *Blank Rome LLP*
        *The Chrysler Building*
        *405 Lexington Avenue*
        *New York, NY 10175*
        *212-885-5000*

128269.00601/6626099v.1

## PRELIMINARY STATEMENT

Defendants ANL CONTAINER LINE PTY LIMITED t/a ANL and ANL SINGAPORE PTE LTD. (collectively "ANL") submit this memorandum of law in support of its motion to compel arbitration and for a stay.

## THE FACTS

The facts are fully stated in the accompanying affidavit of Jeremy J.O. Harwood dated ~~March 27~~ April 4, 2008. ("Aff."). In summary, they are as follows:

1. Defendant Ocean World Lines, Inc. ("OWL") by third-party complaint dated August 2, 2007 ("OWL Complaint") asserts ANL's direct liability to plaintiff Lloyd's in respect of alleged damage to cargo allegedly carried pursuant to an ANL bill of lading. Aff. ¶ 2.

2. The only ANL Bill of Lading pertinent to the cargo identified in the OWL Complaint is dated May 22, 2006 (the "ANL B/L"). Aff. ¶ 3, Ex. A.

3. The ANL B/L contains an arbitration clause providing:

> 3. (3) (b) Any dispute arising out of or in connection with this bill of Lading, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration in Singapore in accordance with the Arbitration Rules of Singapore International Arbitration Centre ("SIAC Rules") for the time being in force which rules are deemed to be incorporated by reference in this clause. The tribunal shall consist of one arbitrator to be appointed by the Chairman of the SIAC.

Aff. ¶ 4, Exs. A & B.

1

# ARGUMENT

## POINT I

### PLAINTIFF'S CLAIMS AGAINST ANL ARE SUBJECT TO ARBITRATION AND THE OWL COMPLAINT AGAINST ANL WAS IMPROPERLY FILED AND SHOULD BE DISMISSED

Sections 4 and 5 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., provide, in relevant part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, <u>for an order directing that such arbitration proceed in the manner provided for in such agreement</u>.

9 U.S.C. § 4.

\* \* \* \* \* \*

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5 (emphasis provided).

In Dean Witter Reynolds Inc. v. Byrd ("Byrd"), 470 U.S. 213, 221 (1985)[1] the Court stated that the policy underlying the FAA "requires that we rigorously enforce agreements to arbitrate," even if that results in separate proceedings in different fora. The Court further stated:

> By its terms, the [Arbitration] Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. [9 U.S.C.] §§ 3, 4 [emphasis in original]

470 U.S. at 218. See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983) ("[9 U.S.C.] Section 2 is a congressional declaration of a liberal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary").

OWL was well aware of the arbitration provision in the ANL B/L and that Plaintiff Lloyd's claims are subject to arbitration as against ANL. Accordingly, the OWL Complaint should never have been filed and should now be dismissed. ANL will seek an award of its attorneys' fees and costs for making this motion in the ensuing arbitration.

## POINT II

### THE COURT SHOULD ENTER AN ORDER STAYING THE ENTIRE ACTION PURSUANT TO 9 U.S.C. § 3

9 U.S.C. § 3 provides:

---

[1] In Shearson/American Exp. Inc. v. McMahon, 482 U.S. 220, 226 (1987), for example, the Court held that Securities Exchange Act and RICO treble-damage claims were arbitrable and that "a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement."

3

128269.00601/6626099v.1

> If any suit or proceeding be brought in any of the courts of the United States <u>upon any issue referable to arbitration</u> under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial of the action until such arbitration</u> has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. [emphasis added]

The claims should be stayed.

**A.     The Standard For Granting A Stay**

As stated in <u>Oldroyd v. Elmira Savings Bank, FSB</u>, 134 F.3d 72, 75-76 (2d Cir. 1998):

> A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. See <u>Genesco, Inc. v. T. Kakiuchi & Co.</u>, ["<u>Genesco Inc.</u>"] 815 F.2d 840, 844 (2d Cir. 1987) (citation omitted).

**B.     Considerations In Staying Non-arbitral Claims Or Claims Brought By Or Against A Party Not Subject To The Arbitration Agreement**

   1.     **Stay of Non-Arbitral Claims**

In <u>Genesco, Inc.</u>, 815 F.2d at 856 the Court examined the basis for staying remaining claims in an action where some were subject to arbitration, as follows:

> The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket. See <u>Moses H. Cone</u>, 460 U.S. at 20 n. 23, 103 S.Ct. at 939 n. 23. Broad stay orders are

4

particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit. See. e.g., NPS Communications, Inc. v. Continental Group, Inc., 760 F.2d 463, 465 (2d Cir. 1985); Samitri, 745 at 196-97.

2. **Stay As To Non-Parties**

The Court in WorldCrisa Corp., et al., v. Armstrong, 129 F.3d 71, 75-76 (2d Cir. 1997) considered a plaintiff's argument that it could not be forced to arbitrate its claims where it was not a party to the agreement containing the arbitration requirement of its co-plaintiff, as follows:

> There is authority to the effect that ordinarily such a clause in a contract cannot justify a stay under § 3 of the FAA as to someone who was not a party to the contract. Citrus Mktg. Bd. of Israel v. J. Lauritzen A/S, 943 F.2d 220, 224-25 (2d Cir. 1991); Nederlandse Erts-Tankersmaat-schappij, N.V. v. Isbandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964); cf. McCowan, 908 F.2d at 1107-08; Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 751-52 (2d Cir. 1991) (Mahoney, J., concurring). Ordinary principals of agency and contract law may, however, provide grounds for holding a non-signatory to an arbitration agreement, Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995) (citing incorporation by reference, assumption, agency relationship veil-piercing/alter-ego, and estoppel as possible grounds).
>
> It is arguable that Crisa could be bound even under these cases. We do not, however, think it necessary to determine the issue. We have recognized that district courts, despite the inapplicability of the FAA, may stay a case pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Nederlandse, 339, F.2d at 441 (quoting Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)). Armstrong bears the burden of demonstrating that such a stay is justified, but on this record it is clear that he has done so.

5

> The prejudice to Crisa if a stay is granted in this case is minimal. Crisa is not mentioned in the Agreement, and has alleged no other contract with Armstrong or HPI that might support liability under the Guaranty. To the extent that Crisa, even as a non-signatory of the Agreement, might be able to bring an action under the Guaranty based on the unjust enrichment of HPI, Crisa has not alleged that it (rather than WorldCrisa) provided any goods to HPI.
>
> On the other hand, **failure to stay this action would result in substantial prejudice to Armstrong, as litigating the Connecticut Action with Crisa alone would involve significant expense and inconvenience and might adversely affect the outcome of his arbitration against WorldCrisa.** In IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524 (7th Cir. 1996), **Chief Judge Posner noted that where a party to an arbitration agreement attempts to avoid that agreement by suing a related party with which it has no arbitration agreement in the hope that the claim will be adjudicated first and have preclusive effect in the arbitration, "[s]uch a maneuver should not be allowed to succeed, [and] . . . is blocked . . . by the principles of parallel-proceeding abstention, which . . . require the court to stay the proceedings before it and let the arbitration go forward unimpeded."** Id. at 530. We think the same principle applies in this case, in which a related non-party to an arbitration agreement has apparently brought a suit with the hope of having a similar effect. On this record, failure to grant a stay as to Crisa would be an abuse of discretion. [emphasis added]

Similarly, the Fifth Circuit in Grigson v. Creative Artists Agency, 210 F.3d 524, 526 (5th Cir. 2000) held:

> Likewise, proceedings against parties and non-parties to the arbitration agreement are stayed pending the outcome of arbitration, when the action against the non-party is dependent upon interpretation of the underlying contract. See Subway Equip. Leasing Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999).

6

C.  **Substantial Grounds Exist For A Stay Of The Entire Action, Irrespective Of Whether Lloyd's Claims Against OWL Are Arbitrable**

Clearly Lloyd's claims against ANL are subject to the Singapore arbitration. The circumstances here fully justify the Court issuing a stay of the entire action pending resolution of the Singapore Arbitration, given the breadth of the arbitration clause. See, Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 88 F. Supp.2d 168 (S.D.N.Y. 2000) aff'd. 252 F.3d 218, 224 (2d Cir. 2001).

### CONCLUSION

ANL respectfully requests that its motion to compel arbitration and to dismiss the complaint against it pursuant to 9 U.S.C. § 4 be granted; that a stay of the entire action be granted under 9 U.S.C. § 3 and for such other relief as may be equitable.

Dated: New York, New York
April 9, 2008

    Respectfully submitted,

    BLANK ROME LLP
    ATTORNEYS FOR THIRD-PARTY
    DEFENDANTS

    By: _____
    Jeremy J.O. Harwood (JH-9012)
    A Member of the Firm
    405 Lexington Avenue
    The Chrysler Building
    New York, NY 10174
    (212) 885-5000