| | |
|---|---|
| UNITED STATES DISTRICT COURT | ECF CASE |
| SOUTHERN DISTRICT OF NEW YORK | 07 CV 6628 (PAC) |

UNDERWRITERS AT LLOYDS etc.,

                                  Plaintiff,

- against -

OCEAN WORLD LINES, INC.

        Defendant & Third Party Plaintiff,

- against -

ANL CONTAINER LINE PTY LIMITED, etc., et al.,

                      Third Party Defendants.

DEFENDANT & THIRD PARTY PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION AND FOR A STAY

## INTRODUCTION

This memorandum is submitted on behalf of defendant & third party plaintiff, OCEAN WORLD LINES ("OWL"), in partial opposition to the third party defendants' (hereafter, "ANL's") motion to compel arbitration and for a stay.

## ARGUMENT

THE ANL BILL OF LADING ARBITRATION CLAUSE IS UNENFORCEABLE AGAINST PLAINTIFF AND AS A RESULT, THERE IS NOT BASIS FOR STAYING OR DISMISSING THE ENTIRE ACTION.

1.     This is a claim brought by the plaintiff subrogated cargo underwriters against defendant, OWL, for $11,689.50 for loss or damage to a cargo comprising 20 bags of chemicals which moved under a bill of lading contract. The case was removed from the New York State Supreme Court for New York County. *OWL's Opp. Exhibit A.*

2. Pursuant to F.R.Civ.P. 14(c), defendant, OWL, impleaded the ANL third party defendants to whom it subcontracted the ocean carriage for the cargo sued on, and as permitted by that Rule, demanded that ANL answer the plaintiff's complaint as well as the third party complaint. *OWL's Opp. Exhibit B.*

3. The effect of OWL's Rule 14(c) impleader was to put ANL in the same position they would have been if they had been named as original defendants in the plaintiff's complaint. *F.R.Civ.P. 14(c) and 1966 Advisory Committee Notes.*

4. The bill of lading issued by the third party defendants contains a mandatory Singapore arbitration clause which ANL seeks to enforce against plaintiff. *ANL's Mov. Aff., para. 4.* However, by law, they cannot do so.

5. OWL acted in this matter as a type of ocean transportation intermediary called an NVOCC (i.e., a Non-Vessel Operating Common Carrier). *See, Federal Maritime Commission Web Site at www.fmc.gov/ at OTI List.*

6. In *Norfolk Southern Railway Co. v. Kirby,* 543 U.S. 14 (2004), the U.S. Supreme Court addressed the question of whether and to what extent a shipper could be bound by a bill of lading issued by an ocean carrier hired by the shipper's transportation intermediary where, *as here,* (a) the shipper was not named in the ocean carrier's bill and did not authorize it, and (b) the ocean carrier's bill of lading contains terms and conditions which differ from the bill of lading contract between the shipper and its intermediary.

7. The *Kirby* Court held that in the circumstances described in para. 6 above, only the ocean carrier's limitation of liability provision could be enforced against the shipper. *Id.* at 34 ("Likewise, here we hold that intermediaries, entrusted with goods, are "agents" only in their ability to contract for liability limitations with carriers downstream.").

9. A mandatory foreign arbitration clause is not a limitation of liability. *Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER,* 515 U.S. 528, 535 - 37 (1995) (Foreign arbitration clause addresses procedure of where dispute shall be heard. It does not lessen or limit liability.)

10. If the ANL bill of lading arbitration clause does not encompass the claims between plaintiff and OWL, or between plaintiff and ANL, then there is no reason to stay those claims.

(a) Unlike the *Genesco* case cited on pages 4 – 5 of the ANL moving memorandum, this would not be a case where the arbitrable claims (the indemnity claims between defendant, OWL, and ANL) predominate over the main claims of plaintiff against both. To the contrary, a final determination as to indemnity would have to await a judgment in this case as to whether plaintiff is entitled to a judgment at all, and if so, against whom.

(b) Moreover, unlike the *WorldCrisa* case cited on pages 5 – 6 of the ANL moving memorandum, this is not a case where ANL would be forced to litigate here against plaintiff the same claims it is to arbitrate in Singapore with OWL. The litigation in this Court would determine whether OWL or ANL have direct liability to plaintiff while the Singapore arbitration would decide whether ANL must indemnify OWL, and the arbitral decision would necessarily depend upon how this case turned out.

(c) The third party defendants' citation to the Fifth Circuit decision in *Subway Equipment* on page 6 of its moving memorandum is off point. The third party defendants have made no showing that plaintiff's claim against OWL or the third party defendants is somehow dependent on interpreting the indemnity rights between those two carrier interests under the ANL bill of lading.

## CONCLUSION

The motion to stay or dismiss the entire action should be denied.

Dated: New York, NY, April 24, 2008

*Respectfuly submitted,*

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Ocean World Lines, Inc.


By: ____/ s / Stephen H. Vengrow____
          Stephen H. Vengrow (SHV/3479)
61 Broadway, Suite 3000
New York, New York, 10006
(212) 344-7042


To:   James F. Campise, Esq.
      Cozen & O'Connor
      Attorneys for Plaintiff
      45 Broadway, 16th Floor
      New York, New York 10006
      (212) 509-9400

      Jeremy J. O. Harwood, Esq.
      Blank Rome LLP
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10175

CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On April 24, 2008, I served a complete copy of **Defendant and Third Party Plaintiff Ocean World Lines, Inc.'s Memorandum in Opposition to the Third Party Defendants' Motion to Compel Arbitration and for a Stay** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following address:

Cozen O'Connor
James F. Campise, Esq.
Attorney for Plaintiff
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

Jeremy J. O. Harwood, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10175

                                        / s / Patrick Michael DeCharles, II
                                        Patrick Michael DeCharles, II (PMD/9984)

DATED:     April 24, 2008
              New York, New York

# EXHIBIT A

8991/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Third-Party Defendant Senator Lines
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERWRITERS at LLOYDS a/s/o YOUNGLIN B&A CO., LTD.<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>OCEAN WORLD LINES, INC.<br><br>　　　　　　　　　　Defendant. | Civil Case Number: **07 CIV 6628**<br><br>**PETITION FOR REMOVAL**<br>**PURSUANT TO 28 USC §§ 1446 and 1337** |

1.　Defendant/Petitioner Ocean World Lines, Inc. hereby petitions the Court pursuant to 28 USC §§ 1446 and 1337 to remove to this Court the above-captioned civil action now pending in the Supreme Court of the State of New York, County of New York, Index Number 07-108 392 filed on or about June 15, 2007. No trial has yet been had therein. Copies of the Plaintiff's Summons with Notice is attached hereto:

2.　Supreme Court for the State of New York, County of New York, Index Number 07-108 392 is one which may be removed pursuant to 28 USC §§ 1446 and 1337 because this Court has original jurisdiction pursuant to U.S.C. § 1337 in that the matter concerns a civil action or proceeding arising under the Act of Congress regulating commerce, including COSCA 46 USC pp 1300-1315, the Harter ACT 46 USC APP§§ 190 to 195.

WHEREFORE, this action now pending in the Supreme Court for the State of New York, County of New York, Index Number 07-108 392, filed on or about June 15, 2007, is properly removed pursuant to 28 USC §§ 1446 and 1337

Dated: July 24, 2007

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for Defendant Ocean World Lines, Inc.

By: _____
     Stephen H. Vengrow (SHV/3479)
     61 Broadway, Suite 3000
     New York, New York, 10006
     (212) 344-7042

To:   Cozen O'Connor
      James F. Campise, Esq.
      Attorney for Plaintiff
      45 Broadway, 16th Floor
      New York, New York 10006
      (212) 509-9400

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On July 24, 2007, I served a complete copy of **Defendant Ocean World Lines, Inc.'s Petition for Removal pursuant to 28 USC §§ 1446 and 1337** to the following attorneys by regular U.S. mail at the following address:

TO: Cozen O'Connor
James F. Campise, Esq.
Attorneys for Plaintiff
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

*M. Johnson*
Maria Johnson

DATED:   July 24, 2007
         New York, New York

- 3 -

# EXHIBIT B

8991/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Ocean World Lines, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERWRITERS At LLOYDS a/s/o YOUNGLIN B & A Co., Ltd., <br><br>　　　　　　　　Plaintiff, <br>　　-against- <br><br>OCEAN WORLD LINES, INC. <br><br>　　　　　　　　Defendant. <br><br>OCEAN WORLD LINES, INC. <br><br>　　　　　Third-Party Plaintiff, <br><br>　　-against- <br><br>ANL CONTAINR LINE PTY LIMITED t/a ANL; ANL SINGAPORE PTE LTD. <br><br>　　　　Third-Party Defendants. | Civil Case Numbe4r 07 Civ. 6628 <br> Judge Crotty <br><br> **OCEAN WORLD LINES, INC.'S** <br> **THIRD PARTY COMPLAINT** |

Pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff Ocean World Lines, Inc. by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP as and for a Third-Party Complaint against the Third-Party Defendants ANL Singapore PTE Ltd. and ANL Container Line PTY Limited trading as ANL, is tendering the Third-Party Defendants directly to Plaintiff and alleges upon information and belief as follows:

1. The underlying claim is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure.

2. Defendant and Third-Party Plaintiff Ocean World Lines, Inc. is a corporation located at 1981 Marcus Avenue, Lake Success, New York 11041.

3. Upon information and belief, ANL Container Line PTY Limited trading as ANL is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, and trades or otherwise does business in the U.S., including New York, though its general agents, Northern Lilly International, Located at 40 Craigwood Road, South Plainfield, New Jersey 07080.

4. Upon information and belief, Defendant ANL Singapore PTE Ltd., is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, and trades or otherwise does business in the U.S. including New York through its general agents, Northern Lilly International, located at 40 Craigwood Road, South Plainfield, New Jersey 07090.

5. Plaintif's underwriters at Lloyds a/s/o Younglin B&A Co. Ltd. has filed suit against Ocean World Lines, Inc. alleging $11,689.50 in damages for (1) breach of contract (2) negligence (3) gross negligence and (4) breach of bailment involving an ocean shipment of cargo consisting of 20 bags of chemicals pursuant to Bill of Lading NO65003560 (container number BCMU4017689) for alleged wetting damage. A copy of the Summons with Notice (which was removed from state court) and Ocean World Lines, Inc.'s Answer is attached as Exhibit 1.

6. As the ocean carrier, Third-Party Defendants ANL Container Line PTY Limited t/a ANA and ANL Singapore PTE Ltd. are directly liable to plaintiff for the alleged damage, if any, which is denied by Ocean World Lines, Inc.

7. In the alternative, if Defendant and Third-Party Plaintiff Ocean World Lines, Inc. suffered liability as alleged in the Summons with Notice, which is denied, such liability was caused solely by the negligence, gross negligence, breach of contract and/or breach of warranty, expressed or implied by one or both of the Third-Party Defendants individually and/or jointly.

8. As a result of the foregoing, Third-Party Defendants ANL Container Line PTY Limited t/a, ANL and ANL Singapore PTE Ltd. should be required to contribute and/or indemnify Ocean World Lines, Inc. for any amount it may be required to pay including costs, disbursements and reasonable attorneys fees incurred by Ocean World Lines, Inc. in this action.

WHEREFORE, Defendant and Third-Party Plaintiff Ocean World Lines, Inc. demands:

1. Judgment against Third-Party defendants ANL Container Line PTY Limited t/a ANL and ANL Singapore PTE Ltd. directly to Plaintiff for all damages.

2. In the alternative for all sums that may be adjudged against Defendant and Third-Party Plaintiff Ocean World Lines, Inc. in favor of Plaintiffs, together with the cost and disbursements of this action including reasonable attorney's fees.

Dated: August 2, 2007

                Respectfully submitted,

                CICHANOWICZ, CALLAN, KEANE,
                VENGROW & TEXTOR, LLP
                Attorneys Ocean World Lines, Inc.

        By: _____
                Stephen H. Vengrow (SHV/3479)
                61 Broadway, Suite 3000
                New York, New York, 10006
                (212) 344-7042

To:    Cozen O'Connor
       James F. Campise, Esq.
       Attorney for Plaintiff
       45 Broadway, 16th Floor
       New York, New York 10006
       (212) 509-9400

CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 2, 2007, I served a complete copy of Defendant Ocean World Lines, Inc.'s **Third Party Complaint** by ECF to the following attorney at his ECF registered address and by regular U.S. mail at the following address:

Cozen O'Connor
James F. Campise, Esq.
Attorney for Plaintiff
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

/ s / Patrick Michael DeCharles, II
Patrick Michael DeCharles, II (PMD/9984)

DATED:   August 2, 2007
         New York, New York