BLANK ROME LLP
Attorneys for Third-Party Defendants
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNDERWRITERS AT LLOYDS a/s/o YOUNGLIN B & A CO., LTD., <br><br> Plaintiff, <br><br> -against- <br><br> OCEAN WORLD LINES, INC., <br><br> Defendant. <br><br> ──────── <br><br> OCEAN WORLD LINES, INC., <br><br> Third-Party Plaintiff, <br><br> -against- <br><br> ANL CONTAINER LINE PTY LIMITED t/a ANL; ANL SINGAPORE PTE LTD., <br><br> Third-Party Defendants. | 07 Civ. 6628 (PAC) |

**REPLY MEMORANDUM OF LAW OF ANL CONTAINER LINE PTY LIMITED T/A ANL AND ANL SINGAPORE PTE LTD. IN RESPONSE TO THIRD PARTY PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND FOR A STAY**

*Jeremy J.O. Harwood*
*Blank Rome LLP*
*The Chrysler Building*
*405 Lexington Avenue*
*New York, NY 10175*
*212-885-5000*

128269.00601/6626099v.2

## PRELIMINARY STATEMENT

Defendants ANL CONTAINER LINE PTY LIMITED t/a ANL and ANL SINGAPORE PTE LTD. (collectively "ANL") submit this memorandum of law in response to third party plaintiff, Ocean World Lines Inc.'s ("OWL") opposition to ANL's motion to compel arbitration and for a stay.

## THE FACTS

The facts are fully stated in the affidavit of Jeremy J.O. Harwood dated April 9, 2008. ("Harwood Aff.").

1.    As stated in the affidavit in opposition to the motion by Plaintiff's counsel, James Campise, dated April 18, 2008 ("Campise Affidavit"):

> [OWL] issued a bill of lading for the transport [of the cargo in suit].

Id., ¶ 3, Ex. A.

2.    ANL is not a party to the OWL bill of lading attached to the Campise Affidavit as Exhibit A ("OWL B/L").

3.    No liability is asserted by Plaintiff against ANL under either the OWL B/L or the ANL B/L issued to OWL. Harwood Aff. Ex. A. As alleged in the Campise Affidavit:

> [ANL] issued a Sea Waybill P234WORFBSN2 [the ANL B/L] to defendant OWL. Plaintiff is not a party to the document issued by third party defendant. (Exhibit "13").

Campise Aff. ¶ 6 (emphasis added).

4.    The Campise Affidavit further alleges:

> Plaintiff was not in privity with [ANL], nor did the defendant
> OWL act as plaintiff's agent …

Id., ¶ 10.

## ARGUMENT

### POINT I

### OWL'S OBLIGATION TO ARBITRATE ITS CONTRIBUTION OR INDEMNITY CLAIMS CANNOT BE DENIED

OWL only now tacitly concedes that its contribution and indemnity claim, as alleged in paragraph 8 of its Complaint, must be arbitrated by failing to address the issue as to its own obligation to arbitrate and wrongly asserting the motion seeks to compel Plaintiff to arbitrate. OWL Brief, ¶ 4. The motion seeks only a stay as to Plaintiff's claim against ANL, which stay is expressly within the Court's discretion to the extent Plaintiff does not assert any contractual basis for claims against ANL giving rise to a non-signatory's obligation to arbitrate. See, Thomson v. CSF, SA v. American Arbitration Assoc., et al., 64 F.3d 773, (2d Cir. 1995).

OWL opportunistically joined ANL to answer and indemnify OWL for any judgment against it. Plaintiff's Complaint asserts a "contractual dispute" and OWL was well aware ANL had no contractual privity. ANL is in the business of ocean transportation such that the repudiation by its contract partners of a bargained for provision for settlement of disputes by arbitration to "muscle" a settlement contribution becomes one of principle irrespective of the size of the dispute.

2

128269.00601/6626099v.2

OWL's indemnity/contribution claim must be stayed and OWL compelled to arbitrate that claim.

## POINT II

### OWL'S ASSERTION THAT PLAINTIFF'S CAUSE OF ACTION AGAINST ANL SHOULD NOT BE STAYED

The Motion cited Genesco, Inc. v. T. Kakiuch & Co., 815 F.2d 840, 856 (2d Cir. 1987) for the proposition that:

> Broad stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit. See. e.g., NPS Communications, Inc. v. Continental Group, Inc., 760 F.2d 463,465 (2d Cir. 1985); Samitri, 745 at 196-97.

The Motion specifically discussed WorldCrisa Corp., et al., v. Armstrong, 129 F.3d 71, 75-76 (2d Cir. 1997), which OWL attempts to distinguish on the basis that:

> "This is not a case where ANL would be forced to litigate here against plaintiff the same claims it is to arbitrate in Singapore with OWL"

Opp. ¶ 10(b).

As noted above, Plaintiff's Complaint asserts that "[t]he nature of this action is a contractual dispute between the parties..." and, as the Campise Affidavit admits, ANL had no contractual privity with Plaintiff, requiring ANL to participate in defending an action in which OWL is asserted to be contractually liable. The Rule 14(c) claim against ANL may be stayed in the Court's discretion. Thereafter, OWL may settle with Plaintiff (as it discussed) or defend the suit and claim contribution/indemnity against ANL as it is obliged to do in the Singapore arbitration. The regrettable waste of the Court's resources

3

has simply been a result of litigation tactics forced on to ANL to "contribute" to a settlement irrespective of any liability.

## CONCLUSION

ANL respectfully requests that its motion be granted; and for such other relief as may be equitable.

Dated: New York, New York
       April 29, 2008

<div style="margin-left: 50%;">

Respectfully submitted,

BLANK ROME LLP
ATTORNEYS FOR THIRD-PARTY
DEFENDANTS

By: _____
Jeremy J.O. Harwood (JH-9012)
A Member of the Firm
405 Lexington Avenue
The Chrysler Building
New York, NY  10174
(212) 885-5000

</div>

4